OPINION
{¶ 1} Defendant-appellant and cross-appellee, Francis D. Watson, appealed, and subsequently dismissed his appeal, from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, that awarded an indefinite term of spousal support to plaintiff-appellee and cross-appellant, Evelyn Watson, but did not retain jurisdiction to modify the award. Plaintiff cross-appeals from the same judgment that also refused to award her post-judgment interest on the liquidated sum due under the divorce decree. Plaintiff assigns the following error on cross-appeal:
The Trial Court erred in refusing to award post judgment interest on the liquidated sum due under the divorce decree.
Because the trial court did not err in refusing to award post-judgment interest, we affirm.
 {¶ 2} On January 15, 2003, the parties were divorced after 22 years of marriage. At the time of the divorce hearing, plaintiff was 42 years of age, and defendant was 51. Plaintiff was classified as permanently disabled and was receiving social security disability benefits in the amount of $10,800 per year. Defendant earned approximately $40,000 per year and was the residential and custodial parent of the parties' two minor children.
 {¶ 3} Initially, the trial court refused to award plaintiff spousal support due to her cohabitation with another man. The decree, however, ordered defendant to refinance the marital residence and pay plaintiff $57,000 within 95 days of the decree. Defendant tendered refinancing documents to plaintiff, but she would not sign them; plaintiff argued she should not sign them because, if she were successful on appeal, she would be entitled to additional equity. In the first appeal, plaintiff asserted the trial court erred in (1) denying her spousal support because she was cohabiting with another man, and (2) dividing the marital property. This court reversed the trial court's determination regarding spousal support and affirmed the trial court's division of the marital property.
 {¶ 4} Following our decision on appeal, plaintiff cooperated in refinancing the marital residence, and defendant paid his ordered equity share. On remand, the trial court awarded plaintiff $175 per month in spousal support and refused plaintiff's request for prejudgment interest.
 {¶ 5} Plaintiff's cross-assignment of error contends the trial court erred in denying post-judgment interest on the liquidated amount due and payable under the divorce decree from the sale of the marital residence. R.C. 1343.03(A) provides that, "[w]hen money becomes due and payable upon any bond * * * and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest." Relying on R.C. 1343.03(A), plaintiff claims that, although the money from the sale of the residence was due and payable 95 days following the divorce decree, defendant failed to pay it until 310 days after the decree, and she therefore is entitled to interest for the interim.
 {¶ 6} The purpose of statutory interest is to guarantee the successful party will receive prompt payment from the judgment debtor. Goddard v. Children's Hosp. Medical Ctr. (2000),141 Ohio App.3d 467, 470. Absent proof of waiver or conduct estopping the party from claiming interest, interest continues to accrue during the pendency of an appeal, regardless of which party appealed. Id.; Moore v. Jock (1993), 90 Ohio App.3d 413. Post-judgment interest has been applied to obligations arising out of a divorce decree if those obligations are due and payable.Woloch v. Foster (1994), 98 Ohio App.3d 806 (stating that an order distributing marital assets has the force of a money judgment, and the recipient is entitled to interest on any amounts due and owing, but unpaid, under the order); Farley v.Farley (Aug. 31, 2000), Franklin App. No. 99AP-1103 (noting that R.C. 1343.03 mandates interest on amounts due and payable under a divorce decree to the extent the amounts are calculable, due and payable).
 {¶ 7} A reviewing court will not reverse a trial court's decision to award or refuse to award post-judgment interest absent an abuse of discretion. Woloch, supra (finding that the trial court did not abuse its discretion in awarding interest to the plaintiff on funds that were due and payable as soon as possible under the decree, but were unpaid for four years);Morningstar v. Morningstar (Nov. 27, 1989), Greene App. No. 89-CA-10; Hines v. Kelsch (Aug. 17, 2001), Hamilton App. No. C-000445. In exercising its discretion, a court looks to the equities involved in the particular case to determine whether interest is appropriate. Koegel v. Koegel (1982),69 Ohio St.2d 355, quoting Cherry v. Cherry (1981), 66 Ohio St.2d 348 (noting that "[a] property award without interest may sometimes be inequitable, but it is not always so. `This is why it is ill-advised and impossible for any court to set down a flat rule concerning property division upon divorce'"); Farley, supra.
 {¶ 8} Here, the trial court did not abuse its discretion in refusing to award plaintiff post-judgment interest on the amount due from defendant's refinancing the marital residence. The divorce decree required defendant to refinance the marital residence and pay plaintiff her portion within 95 days of the decree. Defendant attempted to comply by delivering the necessary documents to plaintiff for her signature. Plaintiff refused to cooperate with refinancing, arguing that she would be entitled to a greater equity share if she prevailed on appeal. Given those circumstances, the trial court found it would be inequitable to allow plaintiff to recover interest when defendant made every effort to comply with the court's order. Indeed, as soon as plaintiff signed the refinancing documents following remand from this court, defendant timely tendered to plaintiff her equity share. Although plaintiff may appeal without being penalized, we cannot say the trial court acted arbitrarily or unconscionably in refusing to award plaintiff post-judgment interest under these circumstances. Accordingly, plaintiff's cross-assignment of error is overruled.
 {¶ 9} Having overruled plaintiff's cross-assignment of error, we affirm the judgment of the trial court.
Judgment affirmed.
Brown, P.J., and Klatt, J., concur.